IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lucas County Republican Party,　　　　　　　　Case No. 3:10 CV 28

　　　　　　　　Plaintiff,　　　　　　O R D E R

　　　　-vs-　　　　　　　　　　　　JUDGE JACK ZOUHARY

Jeffrey Simpson, et al.,

　　　　　　　　Defendants.

Plaintiff filed a Motion for a Temporary Restraining Order (TRO) asking this Court to "restrain Defendants from representing themselves to be the LCRP Party or officers of its central and executive committees (Doc. No. 2).

In determining whether this Court should issue a Temporary Restraining Oder, four factors are considered:  (1) whether Plaintiff has shown a strong or substantial likelihood or probability of success on the merits; (2) whether Plaintiff has shown irreparable injury will result if the preliminary injunction is not granted; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether issuing a preliminary injunction would serve the public interest. *Martin-Marietta Corp. v. Bendix Corp.*, 690 F.2d 558, 564 (6th Cir.1982).

The Court held a hearing on the Motion and, after considering the written briefs and oral argument, the Court announced its Opinion, denying the Motion. This Order supplements that record.

The Complaint in this case alleges federal trademark infringement under the Lanham Act, providing this Court with jurisdiction.  15 U.S.C. § 1121.  Plaintiff alleges current ongoing harm in the form of trademark "confusion."  In short, this Court is confronted with two groups claiming to be

the rightful local Republican Party, a scenario specifically envisioned under Ohio Revised Code § 3517.05. That statute provides a procedure when competing slates of officers each claim to be the rightfully elected representatives.

*Federspiel v. Ohio Republican Party State Central Committee*, 867 F. Supp. 617, 622-623 (S.D. Ohio 1994) addressed a similar situation and noted:

> Ohio Rev. Code §3517.05 * * * authorizes a party to resolve internal disputes. Even without this statute, the Republican Party would have the right to choose between two competing factions as to which one will represent its party. [Citations omitted]. ("[a] political party has a right to identify the people who constitute the association, and to select a standard bearer who best represents the party's ideologies and preferences.") (internal citations omitted).
>
> * * *
>
> Therefore, if this Court intervened in this dispute, it would risk treading upon such rights. * * * The fact that a political party risks and often realizes internal friction does not justify intrusion by a court or state; * * *

Plaintiff's request in this case is essentially a "preemptive strike" preventing Defendants from pursuing their claims under the procedure laid out in the Ohio Revised Code. That procedure allows for the Lucas County Board of Elections and then the Republican Central or Executive Committee to determine which group is legitimate. As noted in *Federspiel*, court intervention at this point is unwise, and there is no irreparable harm in allowing this process to unfold. Once the outcome is known, then we will know which group has apparent authority to act on behalf of the Lucas County Republican Party.

Because the dispute is simply too unclear at this point for this Court to make a ruling about rightful control of the local Party, there has been an insufficient showing of likelihood of success on the merits. Similarly, there has been an insufficient showing of irreparable harm. Although the "continuing confusion" alleged by Plaintiff can be a cognizable injury under the Lanham Act, the

2

presumption of harm from such confusion only operates if Plaintiff establishes a likelihood of success on the merits. *Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 608 (6th Cir. 1991) (finding of irreparable injury "ordinarily follows" finding of likelihood of success). Moreover, the specific harm identified by Plaintiff -- disruption of a Party fundraiser later this month -- has been alleviated by the parties' temporary agreement. Also, there has been no showing of harm to others -- the only one arguably harmed is the local Party. Finally, the public interest is best served by allowing the established channels of resolution to take their course. This means the proper decision makers are the local Board of Elections and the state Republican Party.

Plaintiff therefore has failed to satisfy the factors to justify a Temporary Restraining Oder.

IT IS SO ORDERED.

                                                    s/ *Jack Zouhary*
                                                    JACK ZOUHARY
                                                    U. S. DISTRICT JUDGE

                                                   January 11, 2010